IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) CASE NO. 1:12 CV 338 |
| Plaintiff, | ) |
| | ) JUDGE TIMOTHY S. BLACK |
| v. | ) |
| | ) |
| ACTUATE CORPORATION, | ) **STIPULATED PROTECTIVE ORDER** |
| Defendant. | ) |
| | ) |

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any

purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, as well as any appeal thereof.

**(b)** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1)** **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action, as well as any appeal thereof;

**(2)** **Parties.** Parties and employees of a party.

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, hearings or other proceedings in this litigation;

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5)** **The Court and its Officers and Employees.** The Court and any Court personnel handling this case; and

3

    **(6)**   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  **(c)**   **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

  **(d)**   **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

  **(e)**   **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**6.**   **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** The Court highly discourages the filing of any pleadings or documents

under seal. A document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER will be filed under seal in accordance with the Local Rules of this District and any order of this Court. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may also be filed under seal.

7. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing (hereafter "party"). Before filing any motion to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the disagreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.2 and any other procedures set forth in this Court's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. The Court may make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within sixty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be destroyed. Counsel for the parties shall send opposing counsel a letter certifying that the documents have, in fact, been destroyed. Notwithstanding the above requirement to destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. The parties also acknowledge that the internal electronic filing systems utilized by counsel may be unable to completely delete or destroy these documents in the system and that these documents within the electronic filing system are not a violation of, or inconsistent with, this Order. These documents within the electronic filing system shall also continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.2 and the Court's standing orders or other relevant orders.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: 3/20/2013

s/ Timothy S. Black
U.S. District Judge Timothy S. Black

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Order**

_____
Signature

Peter Frazza
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 070798
Email: pfrazza@buddlarner.com
Telephone: (973) 379-4800
Facsimile: (973) 379-7734

Keith W. Collett
Cincinnati Insurance Company
P.O. Box 145496
Cincinnati, OH 45250
Email: keith_collett@staffdefense.com
Telephone: (513) 603-5856
Facsimile: (513) 870-2900

*Attorneys for Plaintiff*
*Cincinnati Insurance Company*

Dated: 11/16/2012

**WE SO MOVE/STIPULATE and agree to abide by the terms of this Order**

_____
Signature

Robert J. Hanna (0037230)
Karl A. Bekeny (0075332)
TUCKER ELLIS LLP
925 Euclid Avenue, Suite 1150
Cleveland, OH 44115-1414
Email: robert.hanna@tuckerellis.com
        karl.bekeny@tuckerellis.com
Telephone: (216) 592-5000
Facsimile: (216) 592-5009

*Attorneys for Defendant/Counterclaimant*
*Actuate Corporation*

Dated: 11/16/2012

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) | CASE NO. 1:12 CV 338 |
| ) | |
| Plaintiff, ) | JUDGE TIMOTHY S. BLACK |
| ) | |
| v. ) | |
| ) | |
| ACTUATE CORPORATION, ) | **ACKNOWLEDGEMENT AND** |
| ) | **AGREEMENT TO BE BOUND** |
| Defendant. ) | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____ _____
Signature